FILED

13 NOV 12 AM 10: 26

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.P.P., a child under the age of 18 years, by OLGA H. CRUZ, his mother and Guardian ad Litem, and JERRY P. PARADIS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., a Delaware Corporation; et al.,<br><br>Defendants. | CASE NO. 13-CV-1674 BEN (WMC)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION TO STATE COURT**<br><br>**(2) DENYING AS MOOT MOTION TO STAY PROCEEDINGS**<br><br>[Docket Nos. 10, 20] |

Presently before the Court is Plaintiffs' Motion to Remand (Docket No. 10) and Defendants' Motion to Stay Proceedings (Docket No. 20). For the reasons stated below, the Motion to Remand is **GRANTED** and the Motion to Stay Proceedings is **DENIED AS MOOT**.

## BACKGROUND

Plaintiffs K.P.P., a child under the age of 18, by his mother and guardian ad litem, Olga H. Cruz, and Jerry P. Paradis allege that K.P.P was born with a life-threatening birth defect, spina bifida, as a result of Cruz's use of the prescription medication product Effexor during her pregnancy with K.P.P. Plaintiffs allege that Effexor is created, produced and distributed for public consumption by Defendants McKesson Corporation, Pfizer, Inc., Pfizer International LLC, and Wyeth

Pharmaceuticals, Inc. This action was commenced in the Superior Court of California, San Diego County on May 17, 2013. It was removed on July 18, 2013.

Nine other cases with an identical procedural posture have been filed: (1) *A.S. v. Pfizer, Inc.*, No. 13-CV-524-LJO-JLT (E.D. Cal.); (2) *I.L. v. Pfizer, Inc.*, No. 13-CV-2578-RGK-PJW (C.D. Cal.); (3) *Taha v. Pfizer, Inc.*, No. 13-CV-2577-MWF-FFM (C.D. Cal.); (4) *Hatherley v. Pfizer, Inc.*, No. 13-CV-719-WBS-CMK (E.D. Cal.); (5) *D.R. v. Pfizer, Inc.*, No. 13-CV-591-AG-JPR (C.D. Cal.); (6) *K.E.R. v. Pfizer, Inc.*, No. 13-CV-1401-LKK-AC (E.D. Cal.); (7) *J.M.J. v. Pfizer, Inc.*, No. 13-CV-3226-EMC (N.D. Cal.); (8) *L.C.V. v. Pfizer, Inc.*, No. 13-CV-1686-JAH-BLM (S.D. Cal.); and (9) *J.K.B. v. Pfizer, Inc.*, No. 13-CV-5043-MMM-JCGx (C.D. Cal.). In all of these cases, the plaintiffs brought suit in California state court against Pfizer, Inc., Pfizer International LLC, McKesson Corporation, and Wyeth Pharmaceuticals, Inc., alleging a minor's injury or wrongful death as a result of the mother's prenatal ingestion of Effexor. The defendants removed, arguing that the plaintiffs fraudulently joined McKesson Corporation in order to defeat diversity jurisdiction. The plaintiffs then moved to remand on the basis that complete diversity did not exist because the joinder of McKesson Corporation was not fraudulent. Finally, the defendants moved to stay pending transfer to the MDL.[1] The courts in *A.S.*, *I.L.*, *Taha*, *Hatherley*, *D.R.*, *K.E.R.*, and *J.K.B.* remanded. In *J.M.J.*, the court granted the motion to stay and denied without prejudice the motion to remand. An order is pending in *L.C.V.*

Presently before the Court are: (1) Plaintiffs' Motion to Remand; (2) and Defendants' Motion to Stay Proceedings.

///
///

---

[1] *See In re Effexor (Venlafaxine Hydrochloride) Products Liability Litig.*, MDL No. 2458 (E.D. Pa.). There is a similar consolidation of state court cases pending in California. *See In re Effexor Drug Cases, Judicial Council Coordination Proceedings*, No. 4753 (Cal. Super. Ct.).

## DISCUSSION

The Court has reviewed the parties' filings, and reaches the same conclusion as the courts deciding *A.S.*, *I.L.*, *Taha*, *Hatherley*, *D.R.*, *K.E.R.*, and *J.K.B.*[2] The Court follows the thoughtful and thorough analysis in *Hatherley*. In *Hatherley*, Judge William B. Shubb found that McKesson Corporation was not a fraudulent defendant because the plaintiffs had sufficiently alleged a cause of action against McKesson Corporation for strict liability under a "failure to warn" theory. *Hatherley v. Pfizer, Inc.*, No. 13-CV-719-WBS-CKD, 2013 WL 3354458, at *2-5 (E.D. Cal. July 3, 2013). Because McKesson Corporation remained a party, complete diversity between plaintiffs and defendants was destroyed and the court was divested of diversity jurisdiction. *Id.* at *9. In the present action, the parties have not raised any new issues not addressed in Judge Shubb's order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**. This action is **REMANDED** to the Superior Court of California, San Diego County.

In addition, Defendants' Motion to Stay Proceedings is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: November 08, 2013

HON. ROGER T. BENITEZ
United States District Judge

---

[2] Defendants cite *C.D.J.E. v. Pfizer, Inc.*, No. 13-CV-3037-PJH (N.D. Cal.), *A.B. v. McKesson Corp.*, No. 13-CV-3039-PJH (N.D. Cal.), and *M.M.R. v. Pfizer, Inc.*, No. 13-CV-1675-JAH-KSC (S.D. Cal.), which were transferred to the Effexor MDL. The plaintiffs in *C.D.J.E.*, *A.B.*, and *M.M.R.* however, did not move for remand or oppose transfer to the MDL. Accordingly, that these actions were transferred does not have any precedential value.